[Clark *v.* Johnson.]

of this barrel to E. D. York & Co., of which Johnson was not a member and had no knowledge, created no valid claim against the defendants. This conclusion presents the main question in the case.

The only evidence bearing directly on the custom of this mode of shipment is, that of A. Gerrould. He testified, it often happens that goods are ordered by a customer before the order is sent by the dealer to the seller, and they are often shipped directly to the customer. Thus this evidence was to the effect that such a mode of shipment was within the general custom of dealers in merchandise, and there was no evidence to the contrary. We think this custom of so ordering goods shipped, is practised to some extent by all dealers in merchandise. We, therefore, are unable to see that the mere fact that one barrel was ordered to be shipped, and was shipped, to the address of another firm in the same town, creates any presumption that it was not sold in good faith to the defendants. It was not calculated to excite the suspicion of a prudent vendor, nor sufficient to put him on inquiry. The learned judge assumed as a fact, that the order for the barrel in question was dated at Buffalo, N. Y., whereas, in truth, instead of being so dated, it was addressed to the plaintiff at Buffalo. This erroneous reading was caused by reason of the order having been so attached to the depositions as to cover the name of the plaintiff. The removal of the covering removes all ground for the assumption. This corrected reading, as shown on the face of the order, necessarily changes the conclusion of law at which the court arrived. Without further discussion of the assignments, all the other facts found show the learned judge erred in not entering judgment in favor of the plaintiff, for the whole amount of the note, with interest.

And now, to wit: October 6th 1879, judgment reversed and judgment in favor of the plaintiff against the defendant, for $579, and costs in the court below.

## Bailey *et al. versus* Eder *et al.*

1. A verdict rendered in one county cannot be transferred to another county, for the purpose of a lien, as in the case of a judgment.

2. A verdict was rendered in the Court of Common Pleas of Philadelphia county. Pending a motion for a new trial and before judgment was rendered, an exemplification of the record was filed in the Court of Common Pleas of Lycoming county, and after judgment was entered on the verdict in the Philadelphia court, a certified copy of the entry was taken to Lycoming county and filed in the case. *Held,* that the exemplification of the record was properly stricken off.

June 3d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

[Bailey *v.* Eder.]

Error to the Court of Common Pleas of *Lycoming county:* Of May Term 1879, No. 120.

Covenant by Joseph H. Bailey, James Bailey and Robert H. Miller against Matthias Eder, Robert H. Housel and Elias Deemer, trading as Eder, Housel & Deemer, to recover an instalment of purchase-money upon a contract for the sale of certain timber lands in Potter county. The plaintiffs resided in Clinton county, and the defendants in Lycoming county. The suit was brought in the Court of Common Pleas of Philadelphia county, and resulted in a verdict against the defendants for $36,539.91. This verdict was rendered on the 22d of October 1877, and on the next day a motion for a new trial was made. Pending the motion, and before judgment was entered, viz., on the 26th of October 1877, an exemplification of the record was filed in the Common Pleas of Lycoming county, and the amount of the verdict was entered on the lien docket. Judgment was afterwards entered on the verdict in the Philadelphia court, and a certified copy of the entry of judgment was taken to Lycoming county and filed in the case. In the meantime the defendants ·failed, judgments were entered against them and they made an assignment for the benefit of creditors. Counsel for the assignees procured a rule to show cause why the exemplification should not be stricken from the record, and upon that rule argument was had. The defendants also petitioned the court to make the rule absolute. There was no testimony taken for the argument, and no evidence but the record.

The court, Mayer, P. J., made the rule absolute in an opinion, saying:

"Had the plaintiffs authority to transfer this verdict before the entry of judgment upon it, to the Court of Common Pleas of Lycoming county? The first section of the Act of 16th April 1840 provides, 'that in addition to the remedies now provided by law, hereafter any judgments in any District Court or Courts of Common Pleas in Pennsylvania may be transferred from the court in which they are entered to any other District Court or Court of Common Pleas, in this Commonwealth, by filing of record in said other court a certified copy of the whole record in the case,' &c.

"It is plain, that this act only authorizes the transfer of judgment, and unless authority exists, by virtue of some other Act of Assembly, to transfer a verdict before judgment, the right has not been granted, for it is only by legislative enactment that a transfer can be made.

"It is contended, on the part of the plaintiffs, that this right exists by virtue of the provisions of the Act of Assembly of 23d March 1877. The first section of this act provides, 'that whenever a verdict is rendered by a jury in any of the Courts of Common Pleas of this Commonwealth for any specific sum of money, in such case, the verdict shall be a lien on the real estate situate within

[Bailey *v.* Eder.]

the proper county of the party or parties against whom said verdict shall be rendered, which lien shall remain, unless the court grant a new trial or arrest the judgment, and it shall be the duty of the prothonotary of the Court of Common Pleas to enter such verdict on lien docket, where judgments are entered, marking the same 'verdict,' and specifying the amount of said verdict and the date of its rendition.'

" It is argued, that the words in said section, 'the verdict shall be a lien upon the real estate situate within the proper county of the party,' has reference to the county where the party against whom the verdict may be rendered has real estate.    We think there can be no misapprehension in regard to the meaning and intent of the Act of Assembly of March 23d 1877.    Prior to the passage of this act, it often occurred that verdicts were rendered, and considerable time elapsed before judgment was entered upon them by reason of the pendency of motions for new trials or an arrest of judgment.    Before the disposition of these motions other judgments would be entered, and the party in whose favor a verdict was rendered would thus be deprived of the benefit of his verdict, by the entry of intervening judgments.    To remedy this, this act was evidently passed, and the lien of the verdict does not extend beyond the county where it was rendered.    In the absence of any legislative enactment authorizing the transfer of a verdict before judgment to another county, the transfer of this verdict from Philadelphia county to Lycoming county was without authority of law, neither does the certificate of the prothonotary of Philadelphia county of the subsequent entry of the judgment have any curative effect and remedy of the original defect in transferring the record. The Act of 1840 does not authorize the transfer of several copies of the record, in different stages of the suit, to the same county : Hallman's Appeal, 6 Harris 313.    The act says : That the judgment may be transferred 'by filing of record in said other county a certified copy of the whole record in the case.'

" The objection made upon the argument, that the application for the rule was made by the assignee of the defendants, if valid, has been cured by the filing of the petition of the defendants. Being of the opinion that the entry of the transcript in the Court of Common Pleas of Lycoming county in this case, on the 26th day of October 1877, before the entry of judgment on the verdict in the Court of Common Pleas of Philadelphia county, was entirely unauthorized, the rule is made absolute, and it is ordered that the exemplification of the record entered to No. 244, November Term 1877, be stricken from the record, and that the entry of the same on the lien docket be annulled and vacated."

This action of the court was assigned for error by plaintiffs, who took this writ.

[Bailey *v.* Eder.]

*Allen & Gamble* and *C. S. McCormick*, for plaintiffs in error.— The Act of 1877, Pamph. L. 34, is a remedial statute and must be liberally construed to advance the remedy. The evil was that when a verdict of a jury had been by them duly rendered, and by the court recorded, it still did not create a lien upon the real estate of the defendants. And the dilatory motions practised in courts, permitted other judgments to be entered, assignments or conveyances to be made, so that when the plaintiff at length came to gather the fruits of his verdict, he found nothing, and his labor and care expended about his suit was lost.

This act makes the verdict a lien at once upon the real estate of the defendants situate within the county in which the verdict is entered, and if by its own construction, or in connection with the Act of 1840, Purd. Dig., vol. 1, page 821, providing for the transfer of judgments from one county to another, the lien can be extended to lands lying in other counties, it will accomplish the purpose of its enactment, and its benefits will extend alike to all. The denial of the right to transfer the judgment is based mainly on Hallman's Appeal, 6 Harris 312. That case decides that an award of arbitrators could not be transferred pending an appeal. The reasoning, upon which the ruling in that case was based, not only has not stood the test of time, but it has given away to the opposite theory.

*H. C. Parsons* and *S. R. Peale*, for defendants in error.—The lien of a verdict is a statutory lien. It is limited to the proper county—the county in which the verdict is rendered. There is no legislative authority for transferring it to another county for the purpose of lien or otherwise. It cannot, therefore, be transferred. *Expressio unius est exclusio alterius.*

The judgment of the Supreme Court was entered, June 16th 1879,

PER CURIAM.—We affirm the order in this case upon the opinion of the learned president of the court below.

Order affirmed.